**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALEXANDER BODDIE, | ) | NO. CV 22-5135-SVW(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| ROBERT BURTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 29, 2021, Petitioner filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody" ("the Petition") in the United States District Court for the Eastern District of California.  The Petition challenges both a parole decision and Petitioner's underlying Superior Court conviction and sentence.

By Order dated July 22, 2022, the United States District Court for the Eastern District of California dismissed Petitioner's challenge to the parole decision as without merit.  The same Order transferred to this Court Petitioner's challenge to the underlying

1  conviction and sentence.

2

3      In 2014, Petitioner previously challenged in this Court the same

4  underlying conviction and sentence challenged in the present (Petition

5  ¶ 14; see Boddie v. Duffy, CV 14-8964-SVW(E)).  On October 9, 2015,

6  this Court entered Judgment in Boddie v. Duffy, CV 14-8964-SVW(E),

7  denying and dismissing Petitioner's prior petition with prejudice as

8  untimely.  The United States Court of Appeals for the Ninth Circuit

9  denied Petitioner's request for a certificate of appealability on

10 July 22, 2016.

11

12     The Court must dismiss the present Petition in accordance with

13 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

14 Effective Death Penalty Act of 1996").  Section 2244(b) requires that

15 a petitioner seeking to file a "second or successive" habeas petition

16 first obtain authorization from the Court of Appeals.  See Burton v.

17 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive

18 authorization from Court of Appeals before filing second or successive

19 petition, "the District Court was without jurisdiction to entertain

20 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.

21 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)

22 requires the permission of the court of appeals before 'a second or

23 successive habeas application under § 2254' may be commenced").  A

24 petition need not be repetitive to be "second or successive," within

25 the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v.

26 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965

27 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.

28 Mar. 6, 2008).  The dismissal of a habeas petition as untimely

1   "constitutes an adjudication on the merits that renders future

2   petitions under § 2254 challenging the same conviction 'second or

3   successive' petitions under § 2244(b)."  McNabb v. Yates, 576 F.3d

4   1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet obtained

5   authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,

6   this Court cannot entertain the Petition's challenge to Petitioner's

7   conviction and sentence.  See Burton v. Stewart, 549 U.S. at 157; see

8   also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir.

9   2012) (if a petitioner fails to obtain authorization from the Court of

10   Appeals to file a second or successive petition, "the district court

11   lacks jurisdiction to consider the petition and should dismiss it.")

12   (citation omitted).

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24

25      [1]   The docket for the United States Court of Appeals for
the Ninth Circuit, available on the Pacer database on

26   www.pacer.gov, does not reflect that anyone named Alexander
Boddie has received authorization to file a second or successive

27   petition.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646,
649 (9th Cir. 1988) (court may take judicial notice of court

28   records).

1    For all of the foregoing reasons, the Petition is denied and

2  dismissed without prejudice.

3

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED:          August 4          , 2022.

7

8

9

10                       STEPHEN V. WILSON
                  UNITED STATES DISTRICT JUDGE

11

12  PRESENTED this 27th day of

13  July, 2022, by:

14

15  _____/S/_____
              CHARLES F. EICK
16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28